IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CONSUMER FINANCIAL
PROTECTION BUREAU,

                    OPINION AND ORDER

        Plaintiff,

                    14-cv-513-bbc

    v.

THE MORTGAGE LAW GROUP, LLP, d/b/a
THE LAW FIRM OF MACY, ALEMAN & SEARNS,
CONSUMER FIRST LEGAL GROUP, LLC,
THOMAS G. MACEY, JEFFREY J. ALEMAN,
JASON SEARNS and HAROLD E. STAFFORD,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff brought this lawsuit under the Consumer Financial Protection Act of 2010, alleging that defendants "deceptively promis[ed] that they would assist homeowners in obtaining loan modifications and foreclosure relief in exchange for the payment of advance fees," but then failed to keep their promises. Cpt. ¶ 13, dkt. #1. All of plaintiff's claims involve violations of 12 C.F.R. part 215, which is commonly called Regulation O. Now some of the defendants have filed a motion in which they ask the court to abstain from hearing the case until the conclusion of state disciplinary proceedings brought by the Illinois Attorney Registration and Disciplinary Commission against defendants Thomas Macey and Jeffrey Aleman. Dkt. #17. (When defendants filed their motion, a proceeding brought by the Wisconsin Office of Lawyer Regulation was pending against defendants Harold Stafford

1

and Consumer First Legal Group, LLC, but defendants represent in their reply brief that the Wisconsin proceeding has concluded and is no longer part of their motion. Dkt. #25 at 1.)

Defendants rely on the doctrine of abstention articulated in Burford v. Sun Oil Co., 319 U.S. 315 (1943), as well as the doctrine of primary jurisdiction, but their arguments under both doctrines are similar. In particular, defendants argue that the court should stay proceedings in this court because plaintiff's claims will require to determine whether defendants engaged in the practice of law and whether defendants complied with state laws and regulations, which, defendants say, are the same questions that the Illinois agency is considering. Defendants cite 12 C.F.R. § 1015.7, which creates an exemption for violations of Regulation O for conduct that is "part of the practice of law" and "[c]omplies with states laws and regulations that cover the same type of conduct the rule requires." Because the regulation of the legal profession is primarily a concern of the states, defendants argue that this court should wait for the state agency to issue a final decision in order to avoid "duplicative proceedings and inconsistent rulings," Dfts.' Br., dkt. #18, at 2, and "as a matter of comity respect for state agencies." Dfts.' Reply Br., dkt. #25, at 2. See also United States v. Western Pacific Railway, 352 U.S. 59, 63–64 (1956) (doctrine of primary jurisdiction "comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body"); Adkins v. VIM Recycling, Inc., 644 F.3d 483, 504 (7th Cir. 2011) (Burford abstention applies "when [the court] is faced with difficult questions of state law that implicate significant state policies" or "when concurrent federal jurisdiction would be

2

disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.").

In response, plaintiff argues that defendants' motion is premature. In particular, plaintiff says that the issues defendants have identified are affirmative defenses that defendants have not yet pleaded, so it is too early to tell whether there is any potential conflict between this case and the Illinois proceedings.

Defendants do not deny that the exemption for lawyers in 12 C.F.R. § 1015.7 is an affirmative defense, but they argue that their motion is not premature because abstention is a jurisdictional issue that must be raised in a motion under Fed. R. Civ. P. 12(b)(1) before filing an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [including lack of jurisdiction] must be made before pleading if a responsive pleading is allowed."). This argument is nonstarter for two reasons. First, the Supreme Court has rejected the argument that abstention implicates subject matter jurisdiction. Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 712 (1996).

Second, Rule 12(b) does not apply because that rule relates to motions to *dismiss*, not motions to stay a case, which is what defendants are requesting. On the docket sheet, defendants titled their motion as "Motion to Dismiss— Motion to Abstain," but they do not develop an argument in favor of dismissal anywhere in their briefs. Rather, they ask repeatedly for a stay. Dfts.' Br., dkt. #18, at 15 ("[T]his Court should abstain from hearing this matter until [the state proceedings] are resolved."); Dfts.' Reply Br., dkt. #25, at 2 ("Defendants asked this Court to stay this case pending the completion of Wisconsin and

3

Illinois disciplinary proceedings."); id. at 3 ("[T]his Court should abstain from this matter pending the outcome of the [Illinois agency] Action."). Accordingly, defendants cannot rely on Rule 12 as an excuse for seeking abstention on a ground that they have not raised yet.

Alternatively, defendants cite Independent Trust Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012), for the proposition that "courts may consider [an affirmative] defense where the basis for the defense is disclosed on the face of the complaint," and they argue that "the basis for the attorney exemption is clear from the face of the complaint" because plaintiff alleges that the individual defendants are lawyers and that the entity defendants are law firms. Dfts.' Reply Br., dkt. #25, at 6. Again, this argument is misguided.

The rule in Independent Trust has nothing to do with abstention. Rather, that case simply reaffirms the well-established rule that a court may dismiss a case for failure to state a claim "when the plaintiff pleads himself out of court by alleging facts sufficient to establish" an affirmative defense. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674 -675 (7th Cir. 2009). See also Logan v. Wilkins, 644 F.3d 577, 582-83 (7th Cir. 2011); Jay E. Hayden Foundation v. First Neighbor Bank, N.A., 610 F.3d 382, 383-84 (7th Cir. 2010). Defendants do not argue that plaintiff has pleaded itself out of court and any argument that it did would be frivolous. Although plaintiff identifies defendants as lawyers in the complaint, plaintiff does not allege that defendants' conduct qualifies as the practice of law or that defendants complied with state law.

Accordingly, I conclude that the request for abstention is premature until defendants

4

plead the exemptions in § 1015.7 as an affirmative defense. Further, if defendants choose to raise the defense and renew their motion to abstain, they should be prepared to develop arguments on a number of issues that received little or no attention in their briefs.

First, defendants should address the question whether this court has the authority to stay the claims against defendants other than the two with pending disciplinary proceedings. Although defendants stated in their reply brief that it would be inefficient to stay some claims but not others, they cited no authority for the view that a court may abstain from hearing claims solely on that ground that it promotes efficiency.

Second, if defendants intend to repeat their argument that a stay is appropriate because of a potential conflict with state proceedings, they should identify more precisely what that conflict is. Defendants state many times in their briefs that both this court and the agency will have to decide the same issues, but they do not identify particular claims or allegations in plaintiff's complaint that might be inconsistent with particular claims brought by the state agency. For example, in their motion, defendants argue that both tribunals will have to decide whether defendants engaged in the practice of law, but they ignore the fact that the charges brought by the state agency do not relate to the practice of law generally but rather to the *unauthorized* practice of law in particular states outside Illinois where defendants are not licensed, such as New Mexico, Georgia and North Carolina. Dkt. #18-1. Because the agency is determining whether defendants practiced law in states other than Illinois, it is not clear how plaintiff's claims in this case would intrude on Illinois state policy.

Third, assuming that defendants can show a real possibility of inconsistent rulings,

5

defendants should be prepared to explain why the potential for inconsistency in this context is dispositive under the doctrines of <u>Burford</u> abstention or primary jurisdiction. Defendants do not dispute plaintiff's argument that the rulings of this court are not binding on the Illinois agency (or vice versa), so it is unclear how this case could disrupt the state proceedings or why it is necessary to wait until those proceedings are finished to continue with this case. Although the rulings of the state agency could provide useful guidance to this court if the issues overlap, defendants do not argue that the cited doctrines require or even allow a stay simply to allow the federal court to be better informed.

Fourth, defendants state throughout their briefs that the state law questions are difficult in this case, but they do not explain with any specificity why they believe this. If defendants renew their motion, they should identify the particular state law issues that they believe are implicated in this case and explain why the resolution of those issues is debatable.

One final matter requires attention. In their reply brief, defendants stated casually that plaintiff's claims against the Mortgage Law Group are subject to an automatic stay because the group is the subject of a Chapter 7 bankruptcy proceeding. Dkt. #25 at 3. However, only a week later, the parties submitted a joint pretrial conference report to Magistrate Judge Stephen Crocker in which they agreed that "[t]he automatic stay of the Bankruptcy Code (11 U.S.C. § 362(a)) does not stay this action against [the Mortgage Law Group] because the Bureau's action falls within the police and regulatory power exception to the stay (11 U.S.C. § 362(b)(4))." Dkt. #30 at 1.

Defendants made two mistakes in handling this issue. First, if they believed that the

claims against the Mortgage Law Group were subject to an automatic stay, they should have filed a separate notice with the court rather than simply buried this issue in the middle of a reply brief on an unrelated motion. Second, once they realized that the statement in their reply brief was incorrect, they should have filed a supplement to the brief rather than simply included a statement in a document submitted to a different judge, without even acknowledging that the new filing contradicted their previous position. In the future, I anticipate that counsel will take greater care to keep the court informed of potentially dispositive procedural developments.

ORDER

IT IS ORDERED that the motion to abstain filed by defendants Consumer First Legal Group, LLC, Thomas G. Macey, Jeffrey J. Aleman, Jason E. Searns and Harold E. Stafford, dkt. #17, is DENIED.

Entered this 21st day of November, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

7