**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>THE MORTGAGE LAW GROUP, LLP, *et al.*,<br><br>Defendants. | ) | Case No. 3:14-cv-00513<br><br>Hon. Barbara C. Crabb |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendants Consumer First Legal Group, LLC ("CFLG"), Thomas Macey, Jeffrey Aleman, Jason Searns and Harold Stafford (collectively "Defendants") respectfully move the Court to enter summary judgment in their favor on all counts asserted by the Consumer Financial Protection Bureau ("CFPB"). In support of this motion, the Defendants state as follows:

1. On July 22, 2014, the CFPB filed this action alleging that Defendants violated certain provisions of Regulation O, 12 C.F.R. § 1015.1, *et seq.* and the Consumer Financial Protection Act, 12 U.S.C. § 5501, *et seq.* ("CFPA"). Specifically, the CFPB alleged that Defendants: (1) collected advance fees in violation of Regulation O (Counts I, II); (2) represented to its clients that they should cease communications with their lenders, in violation of Regulation O (Counts III, IV); (3) misrepresented certain aspects of their services to consumers, in violation of Regulation O (Counts V, VI); (4) failed to make certain disclosures required under Regulation O (Counts VII, VIII); and (5) engaged in deceptive practices in violation of the CFPA (counts IX, X).

2. Defendants have concurrently filed proposed findings of fact, the Declarations of Jeffrey Aleman, Thomas Macey, Harold Stafford, Kaitlyn Wild and Nicole Winters and exhibits thereto, and a memorandum of law in support of its motion for summary judgment, which are hereby incorporated herein by reference. In addition, the deposition transcripts of Aleman, Macey, Stafford, Jason Searns, CFLG's Rule 30(b)(6) designees, Colin Banyon, Kelly Sibert, and Jay Gerst have been filed with the Court and are incorporated herein by reference.

3. Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Defendants are entitled to judgment as a matter of law on all of the CFPB's claims in this case.

4. ***First,*** Defendants are entitled to summary judgment on Counts I-VIII because the CFPB does not have Congressional authorization to assert such claims. Counts I-VIII arise under Regulation O, 12 C.F.R. § 1015, *et seq*. However, when Congress conferred rulemaking authority on the CFPB and its predecessor in the consumer financial services arena, the FTC, it did not authorize those agencies to make regulations applicable to attorneys. Moreover, even assuming that the relevant statutes are ambiguous with respect to Congress' intent to regulate the practice of law, Regulation O is invalid because: (1) the CFPB's interpretation of the Consumer Financial Protection Act is not entitled to deference because the CFPB (and the FTC) do not have special expertise in regulating the practice of law; and (2) Regulation O is arbitrary, capricious, and incongruous to the statutes to the extent it purports to regulate attorneys and/or the practice of law.

5. ***Second,*** even assuming *arguendo* that the CFPB had the authority to regulate the practice of law (and it does not), Defendants are entitled to summary judgment on Counts I-VIII because Regulation O's attorney exemption applies. 12 C.F.R. § 1015.7. At all times relevant,

Defendants provided mortgage assistance relief services as part of the practice of law. Defendants (and their Class B members and partners) were licensed to practice law in the states in which The Mortgage Law Group, LLP ("TMLG") and CFLG served clients. Defendants complied with state rules and regulations (including those relating to client trust accounts), and they deposited client funds received prior to rendering services into client trust accounts. Thus, the attorney exemption applies, and the CFPB's claims under Regulation O must fail.

6. ***Third,*** Defendants are also entitled to summary judgment on Counts IX and X because the CFPA's attorney exemption applies. 12 U.S.C. § 5517(e). Section 5517(e) provides that attorneys are generally exempt from the purview of the CFPA except for in two very narrow circumstances: (1) where the attorney's provision of consumer financial services is not part of or incidental to the practice of law, within the scope of an attorney-client relationship; and (2) where the attorney's provision of consumer financial services relates to a consumer who is not receiving legal advice or services from the attorney. 12 U.S.C. § 5517(e)(2). Because Defendants' services were rendered as part of the practice of law to Defendants' clients in the scope of an attorney-client relationship, and involved the provision of services to consumers who received legal advice and services from Defendants, the CFPA's attorney exemption applies.

7. ***Fourth,*** Macey and Stafford are both entitled to summary judgment on all claims asserted against them because the undisputed evidence demonstrates that they did not directly participate in any of the acts or practices of TMLG and CFLG, and they did not control (and in Stafford's case, did not have the authority to control) the day-to-day operations of those entities. There is no evidence that either Macey or Stafford had any involvement in the business affairs of those entities or the making of corporate policies. Rather, just the opposite. The undisputed evidence demonstrates that Macey had no involvement in the management or operations of either

TMLG or CFLG, he did not make decisions with respect to corporate policy, and he did not assume any duties of a corporate officer. Similarly, the undisputed evidence demonstrates that, after Stafford sold 95% of the ownership interest in CFLG to Macey and Aleman, he had no involvement in the management or operations of that firm, and he did not make decisions with respect to corporate policy.

WHEREFORE, for the reasons stated herein, Defendants respectfully move this Court pursuant to Federal Rule of Civil Procedure 56 to enter summary judgment in favor of Defendants and against the CFPB on every claim in the CFPB's complaint, and for the other relief requested herein and whatever other relief the Court deems appropriate.

Dated: October 9, 2015

Respectfully submitted,

*/s/ Timothy D. Elliott*

Douglas M. Poland
Godfrey & Kahn, S.C.
1 East Main Street, Suite 500
Madison, WI 53703
608-257-3911
dpoland@gklaw.com

Timothy D. Elliott (*pro hac vice*)
Emily A. Shupe (*pro hac vice*)
Kaitlyn Anne Wild
Jordan R. Franklin (*pro hac vice*)
Rathje & Woodward, LLC
300 E. Roosevelt Rd., Ste. 300
Wheaton, IL 60187
telliott@rathjewoodward.com
eshupe@rathjewoodward.com
kwild@rathjewoodward.com
jfranklin@rathjewoodward.com
Telephone: (630) 668-8500

**COUNSEL FOR CONSUMER FIRST LEGAL GROUP, LLC, THOMAS MACEY, JEFFREY ALEMAN, JASON SEARNS, AND HAROLD STAFFORD**

## CERTIFICATE OF FILING & SERVICE VIA CM/ECF

I, Timothy D. Elliott, an attorney, do hereby certify that on October 9, 2015, I electronically filed the above document with the clerk of the court by using the CM/ECF system. I further certify that a notice of electronic filing related to the above document was sent to all counsel of record.

Dated: October 9, 2015

/s/ *Timothy D. Elliott*