IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CONSUMER FINANCE
PROTECTION BUREAU,                                    ORDER

          Plaintiff,                                        14-cv-513-bbc

       v.

THE MORTGAGE LAW GROUP, LLP,
CONSUMER FIRST LEGAL GROUP, LLC,
THOMAS G. MACEY, JEFFREY J. ALEMAN,
JASON E. SEARNS and HAROLD E. STAFFORD,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on April 21, 2016, I ruled on the parties' cross motions for summary judgment with respect to several issues and gave them until May 6, 2016 to respond to the following questions: (1) whether they wish to renew their motions for summary judgment, dkt. ##83 and 96, with respect to any of the issues that the court had denied without prejudice on January 14, 2016, dkt. #144; and (2) whether any modifications or supplemental briefing was necessary in light of the court's rulings. Dkt. #187. Both parties wish to renew their motions for summary judgment with respect to the remaining issues related to liability and damages. Dkt. ##188-89. Defendants Consumer First Legal Group, LLC, Thomas G. Macey, Jeffrey J. Aleman, Jason E. Searns and Harold E. Stafford do not believe that supplemental briefing is necessary, but plaintiff Consumer Finance Protection Bureau asks to file supplemental briefing summarizing its previous

1

summary judgment arguments and providing additional arguments on "issues arising from or in connection with the Order." Dkt. #188 at 1.

With respect to the additional arguments, plaintiff explains that it would like the parties to address the legal and factual showings that defendants must make to prove that they qualify for the attorney exemption and the following three issues that the court identified as disputed by the parties: (1) Nevada and Wisconsin LLC partnership requirements; (2) defendants' alleged practice of law in states in which they did not have Class B attorneys; and (3) the legal standards for the practice of law in states that the court identified in its previous order as being in dispute. In lieu of briefing, defendants ask the court to schedule a telephonic or in-person conference to allow the parties to "streamline" the disputed legal issues that must be resolved at or in advance of trial. Dkt. #189.

I will reinstate plaintiff's motion for summary judgment, dkt. #83, with respect to defendants' violations of Regulation O and the Consumer Protection Act, the liability of the individual defendants and available remedies. I will reinstate defendants' motion for summary judgment, dkt. #96, with respect to the individual liability of defendants Macey and Stafford. Because plaintiff has not given any reason why supplemental briefing is necessary on these particular issues, I will rule on the motions in reliance on the briefs that are already in the record. If necessary, after issuing a ruling on the remaining portions of the summary judgment motions, I will seek input from the parties in writing on a proposed plan for (1) addressing the parties' disputes concerning the definition of the practice of law in certain states at or in advance of trial; (2) determining how to proceed against defendant The

Mortgage Law Group, which has not appeared in this case; and (3) trying this case in a manageable and efficient manner. With respect to the third consideration, I may ask the parties to address the feasibility of trying this case initially using five or six states as a representative example.

ORDER

IT IS ORDERED that

1. Plaintiff Consumer Financial Protection Bureau's motion for summary judgment, dkt. #83, is REINSTATED solely with respect to the questions whether defendants violated Regulation O and the Consumer Protection Act, whether the individual defendants are liable for those violations and what remedies are potentially available.

2. The motion for summary judgment filed by defendants Consumer First Legal Group, LLC, Thomas G. Macey, Jeffrey J. Aleman, Jason E. Searns and Harold E. Stafford, dkt. #96, is REINSTATED solely with respect to the issue of the individual liability of defendants Macey and Stafford.

3. Plaintiff's request for supplemental briefing, dkt. #188, is DENIED.

Entered this 13th day of May, 2016.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge