IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Plaintiff,

v.

THE MORTGAGE LAW GROUP, LLP,
CONSUMER FIRST LEGAL GROUP,
LLC, THOMAS G. MACEY, JEFFREY J.
ALEMAN, JASON E. SEARNS and
HAROLD E. STAFFORD,

    Defendants.

Case No. 14-cv-513-wmc

## AMENDED JUDGMENT IN A CIVIL CASE

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff Consumer Financial Protection Bureau against defendants The Mortgage Law Group, LLP, Consumer First Legal Group, LLC, Thomas G. Macey, Jeffrey J. Aleman, Jason E. Searns and Harold E. Stafford as follows:

A. Restitution in the following amounts

1. Defendants TMLG, Macey, Aleman, and Searns are jointly and severally liable for restitution in the amount of $18,716,725.78 with respect to the advance fees that TMLG collected from consumers, payable within 30 days to the Bureau to be disbursed on a pro rata basis to the extent practical (or otherwise as the court might approve in the future).

2. Defendants CFLG, Macey, and Aleman are jointly and severally liable for restitution in the amount of $2,897,566 with respect to the advanced fees that CFLG II collected from consumers, payable within 30 days to the Bureau to be disbursed on a pro rata basis to the extent practical (or otherwise as the court might approve in the future).

3. Defendants Stafford and CFLG are jointly and severally liable for restitution in the amount of $94,730 with respect to the advanced fees that CFLG I collected from consumers, payable within 30 days to the Bureau to be disbursed on a pro rata basis to the extent practical (or otherwise as the court might approve in the future).

4. To the extent that any portions of the restitution amounts paid cannot reasonably be returned to consumers by the Bureau within one year of receipt, then the excess —minus any reasonable costs incurred by the Bureau in implementing the restitution award—shall be applied toward the civil penalties assessed against defendants, with the remainder, if any, reverting to defendants.

B. Defendants are directed to pay civil penalties to the Bureau in the following amounts on or before 30 days from date of this order. These amounts represent civil penalties owed to the United States pursuant to 12 U.S.C. § 5565(c) and are not compensation for actual pecuniary loss and, therefore, are not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

1. Macey in the amount of $11,350,000.

2. Aleman in the amount of $14,785,000.

3. Searns in the amount of $8,002,500.

4. Stafford in the amount of $35, 250.

5. CFLG in the amount of $3,121,500.

C. No interest shall accrue on the ordered payments if timely made. In the event of any default in payment, the entire unpaid amount shall constitute a debt due and immediately owing and post-judgment interest shall be assessed from the date of this order until payment is made as set forth in 28 U.S.C. § 1961.

D. An injunction pursuant to Federal Rule of Civil Procedure 65 is also ENTERED under the following terms and conditions:

1. Defendants Macey, Aleman, Searns, and CFLG are permanently enjoined from marketing, selling, providing, offering to provide, and assisting others to market, sell, provide, or offer to provide, any mortgage assistance relief products or services as defined in 12 C.F.R. § 1015.2, and any debt relief products or services, as defined in the Telemarketing Sales Rule, 16 C.F.R. § 310.2(o); and

2. Defendant Stafford is enjoined for five years from marketing, selling,

Case: 3:14-cv-00513-wmc   Document #: 435-3   Filed: 12/05/19   Page 3 of 3

Judgment in a Civil Case                                                                                          Page 3

providing, offering to provide, and assisting others to market, sell, provide, or offer to provide, any mortgage assistance relief products or services as defined in 12 C.F.R. § 1015.2.

Approved as to form this 15th day of November, 2019.

_____
William M. Conley
District Judge


_____     _____11/18/19_____
Peter Oppeneer, Clerk of Court                Date